BENJAMIN B. WAGNER
United States Attorney
MICHELE BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>GLEN EDWARD MEYERS,<br>AIMEE SHARON BURGESS,<br>JOHN JAMES KASH, and<br>JAMES JOSEPH MASSERY,<br><br>            Defendants. | 2:13-CR-00330-KJM<br><br>APPLICATION FOR ORDER ALLOWING THE UNITED STATES TO MAINTAIN CUSTODY OF PROPERTY PURSUANT TO 18 U.S.C. § 983(a)(3)(B)(ii)(II); ORDER |

The United States of America, through its counsel, hereby requests an order allowing the United States to maintain custody of property already in its possession for forfeiture in this criminal case.  The grounds for the request are as follows:

1.    On or about March 20, 2012, law enforcement agents obtained and executed federal seizure warrants against the following accounts held in the name of Glen E. Meyers:

   a.   Approximately $113,438.88 frozen in E*Trade Securities LLC individual account number 67575072; and

   b.   Approximately $127,675.49 frozen in Scottrade brokerage account number 55530461.

2.    On or about March 21, 2012, law enforcement agents seized the following financial

1

Application and Order to Maintain
Custody of Assets

instruments pursuant to a consent search:

      a.      Approximately $6,500.00 in Western Union Money Orders.

3. On or about December 7, 2012, law enforcement agents obtained and executed a federal seizure warrant against the following account held in the name of Glen E. Meyers:

      a.      Approximately $85,379.40 frozen in Scottrade brokerage account number 55530461.

4. Since the 2012 seizures, the brokerage accounts identified above have been frozen in place pursuant to agreement between the United States and Glen E. Meyers' attorney. The accounts are hereinafter referred to as the "Seized/Frozen Brokerage Accounts."[1]

5. On October 3, 2013, a grand jury returned the indictment in the instant case, setting forth the United States' intent to forfeit all proceeds of the drug conspiracy alleged in Count 1, and all property involved in, or traceable to, the drug manufacturing, money laundering and structuring offenses alleged in the remaining counts. Thereafter, on November 8, 2013, the United States filed a bill of particulars listing the Seized/Frozen Brokerage Accounts and Western Union Money Orders as property subject to forfeiture.[2]

6. When the United States commences a criminal forfeiture action containing an allegation that certain property is subject to forfeiture, and the United States has already seized that property for civil forfeiture but does not commence a civil forfeiture action, the United States "must take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

---

[1] As specified in the federal seizure warrants, the funds to be seized included certain deposits and "any dividends or increases in value of stock purchased with such funds." Accordingly, based on both the warrants and the subsequent agreement between the United States and Meyers' counsel, the funds/stocks/dividends were frozen in place but allowed to appreciate as the stock market improved.

[2] The bill of particulars identifies one of the assets seized as "$213,054.89 frozen in Scottrade Brokerage account number 55530461, held in the name of Glen E. Meyers." To be clear, of the $213,054.89 seized/frozen in Scottrade Brokerage account number 55530461, $127,675.49 was seized/frozen on March 20, 2012; $85,379.40 was seized/frozen on December 7, 2012. The bill of particulars identifies the total amount seized/frozen from Scottrade Brokerage account number 55530461, excluding dividends and increases in value of stocks purchased with funds allegedly connected to unlawful activities (see footnote 1, *supra*).

Application and Order to Maintain Custody of Assets

7. The applicable criminal forfeiture statute is 21 U.S.C. § 853. Besides authorizing the issuance of criminal restraining orders and seizure warrants to preserve property for forfeiture, see 21 U.S.C. §§ 853(e) and (f), the statute also empowers the Court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. § 853(e)(1).

8. Here, the United States represents that it has taken the seized property into custody for the purpose of forfeiture and that it will preserve the seized property until the criminal case, including the criminal forfeiture proceeding, is resolved. Where the United States makes these express representations regarding property already in its custody, the only court order needed to "preserve [the United States'] right to maintain custody of the property" for the purposes of Section 983(a)(3)(B)(ii)(II) is a "housekeeping" order providing that the United States may continue to maintain custody of the seized asset until the criminal case is concluded. See United States v. Scarmazzo, 2007 WL 587183, *3 (E.D. Cal. 2007) (neither a seizure warrant nor a restraining order is appropriate when the property is already in the United States' possession; rather, all that is required is an order issued pursuant to section 853(e) directing the United States to continue to maintain its custody of the property); United States v. Standridge, 2007 WL 2572207, *3 (M.D. Fla. 2007) (court grants United States' motion seeking permission to maintain custody of property seized with a civil seizure warrant so that it can pursue criminal forfeiture); In re 2000 White Mercedes ML320, 220 F. Supp. 2d 1322, 1326 n.5 (M.D. Fla. 2001) (same).

WHEREFORE, the United States respectfully requests that this court issue an order under 21 U.S.C. § 853(e)(1) directing that the United States may maintain custody of the items listed in the indictment and the bill of particulars through the conclusion of the pending criminal case, and expressly stating that this order satisfies the custody-preservation requirements of Section 983(a)(3)(B)(ii)(II).

DATED: 1/23/14                                    BENJAMIN B. WAGNER
                                                  United States Attorney

                                                  /s/ Kevin C. Khasigian
                                                  KEVIN C. KHASIGIAN
                                                  Assistant U.S. Attorney

3

Application and Order to Maintain
Custody of Assets

**ORDER**

This matter comes before the Court on the request of the United States for an Order authorizing the United States and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the United States' application, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the Internal Revenue Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a. Approximately $213,054.89 frozen in Scottrade brokerage account number 55530461, held in the name of Glen E. Meyers;

b. Approximately $113,438.88 frozen in E*Trade Securities LLC individual account number 67575072, held in the name of Glen E. Meyers; and

c. Approximately $6,500.00 in Western Union Money Orders.

IT IS SO ORDERED.

DATED:  January 29, 2014.

_____
UNITED STATES DISTRICT JUDGE

Application and Order to Maintain
Custody of Assets