BENJAMIN B. WAGNER
United States Attorney
MICHELE BECKWITH
MICHAEL D. McCOY
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GLEN EDWARD MEYERS, <br> AIMEE SHARON BURGESS, <br> JOHN JAMES KASH, and <br> JAMES JOSEPH MASSERY, <br><br> Defendants. | 2:13-CR-00330-KJM <br><br> STIPULATION AND ORDER FOR DISCOVERY IN THE ANCILLARY PROCEEDING |

The United States of America and Petitioner Lila Meyers, by and through their undersigned counsel, hereby jointly move for an order, pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), to allow the parties to conduct discovery in the ancillary proceeding.

**I. PRIOR PROCEEDINGS.**

1. In October 2013, defendant Glen Meyers ("Meyers") and three others were indicted in the Eastern District of California on various counts of drug trafficking, money laundering and currency reporting violations.[1]  (ECF No. 7.)

---

[1] Meyers' co-defendants are Aimee Burgess, John Nash, and James Massery. The petitioner's claims deal only with the investment funds forfeited from her spouse, defendant Glen Meyers.

2. On December 5, 2014, Meyers pled guilty to one count of conspiracy to distribute and to possess with intent to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (ECF No. 110.)

3. As part of his plea agreement, Meyers agreed to forfeit the following assets as proceeds traceable to his drug and money laundering crimes:[2]

    a. Any and all funds held in Scottrade Brokerage account number 55530461;

    b. Any and all funds held in E*Trade Securities LLC account number 67575072, except for $111,834.00;

    c. All Western Union Money Orders in the amount of $6,500.00; and

    d. Any and all cash and personal property seized from 3734 Laurel Street, Shasta Lake, California and 21915 Elk Trail, Redding, California.

4. Following the Court's entry of a preliminary order of forfeiture on December 30, 2014 (ECF No. 113), the United States provided notice to potential claimants pursuant to 21 U.S.C. § 853(n), 18 U.S.C. § 1963(1) and Local Rule 171. The deadline to file a petition was March 9, 2015 for those that received notice by publication and May 27, 2015 for those who received direct notice. Prior to May 27, 2015, the parties entered into an agreement that Lila Meyers would have 30 additional days to file a petition in the ancillary proceeding.

5. On June 6, 2015, petitioner Lila Meyers filed an ancillary petition contesting forfeiture of the funds held in Scottrade Brokerage account number 55530461 and E*Trade Securities LLC account number 67575072. (ECF No. 173.) Petitioner Meyers claims a one-half ownership interest in in each account because, as Defendant Glen Meyers' legal spouse, she alleges the funds deposited in the account during their marriage constitute community property. (Id.) In her petition, Petitioner Meyers requests subpoena power to obtain account information for Scottrade Brokerage account number 55530461 and E*Trade Securities LLC account number 67575072, which is presently not

---

[2] The same assets were forfeited from Defendant Aimee Burgess (ECF No. 111), but Petitioner Lila Meyers did not seek to avoid that forfeiture. Ms. Burgess was sentenced on June 3, 2015 and the preliminary order of forfeiture entered for Ms. Burgess' forfeited assets was made final at that time. (ECF Nos. 167 [Minute Order], 168.)

available to her because she is not listed as the account holder on either account.

6. On February 12, 2013, criminal defendant Glen Meyers was sentenced and the preliminary order of forfeiture was made final as to the defendant. (ECF Nos. 142 [Minute Order], 143.)

## II. FUTURE PROCEEDINGS.

7. The United States and Petitioner Lila Meyers seek to conduct discovery pursuant to Rule 32.2(c)(1)(B).

8. Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure provides that the Court may, before conducting a hearing on the petition, "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." In the instant case, discovery is both necessary and desirable so that petitioner Lila Meyers' factual claims of a community property interest can be resolved. Specifically, bank records must be subpoenaed and examined by the properties to determine when the funds were deposited into each account, in what amounts, and whether any of those funds are traceable to legitimate sources.

9. In addition, it is very likely that the parties will need to conduct witness discovery to ascertain the origin of funds deposited into Defendant Glen Meyers' Scottrade Brokerage and E*Trade Securities' accounts, because if the funds deposited into the accounts were crimes proceeds, Petitioner Meyers has no valid community property interest and vice versa. Thus, document and witness discovery of employers and government agencies will be required to determine the couple's marital earnings during the relevant time-periods.

10. To obtain the above information, the parties seek discovery in the manner authorized by the Federal Rules of Civil Procedure, including, but not limited to, depositions, subpoenas, interrogatories and document demands. With the Court's approval, the parties propose the following discovery, motion and hearing schedule:

///
///
///

| Event | Timing |
|---|---|
| Discovery Cutoff | December 15, 2015 |
| Last Day to File Dispositive Motions | February 1, 2016 |
| Ancillary Hearing | First Week of March 2016 |

11. For the foregoing reasons, the court should: (1) enter an order authorizing the parties to conduct discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B); and (2) adopt the above litigation schedule or set a discovery schedule that the Court deems appropriate.

Dated: 7/9/15                                              BENJAMIN B. WAGNER
                                                           United States Attorney

                                                           By: /s/ Kevin C. Khasigian
                                                           KEVIN C. KHASIGIAN
                                                           Assistant U.S. Attorney

Dated: 7/9/15                                              BARTH DALY LLP

                                                           /s/ Charles Aaron Young
                                                           CHARLES AARON YOUNG
                                                           Attorney for Petitioner Lisa Meyers

                                                           (Authorized via e-mail)

**ORDER**

IT IS SO ORDERED.

Dated: July 16, 2015.

UNITED STATES DISTRICT JUDGE