UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-CR-00330-KJM |
| Plaintiff, | |
| v. | ORDER |
| GLEN EDWARD MEYERS, | |
| Defendant. | |

        Lila Meyers, wife of defendant Glen Edward Meyers, moves this court for disbursement of funds. In her motion, Lila Meyers argues that the court should order non-forfeited funds transferred to her because defendant Meyers had an extramarital affair and "cannot be trusted to provide [Mrs.] Meyers her portion of the funds." Mot., ECF No. 370. The United States opposes the motion. Opp'n, ECF No. 372. For the reasons discussed below, the court DENIES Lila Meyers's motion.

I.    BACKGROUND

        In October 2013, defendant Glen Meyers and three co-defendants were indicted on charges for their involvement in an interstate marijuana ring. ECF No. 7. In November 2013, the

1  United States filed a Bill of Particulars[1] indicating it sought to forfeit $6,500 in money orders and
2  two brokerage accounts maintained by defendant Meyers, as constituting drug proceeds. ECF
3  No. 36. The account balances in these two brokerage accounts exceeded $300,000 in stock value.
4  The accounts were maintained at Scottrade Brokerage and E*Trade Securities, and were
5  previously seized by the government based on the involvement of the funds in the accounts in
6  commission of a crime. *Id*.

7  On December 5, 2014, defendant Meyers pled guilty to one count of conspiracy to
8  distribute and to possess with intent to distribute at least 100 kilograms of marijuana in violation
9  of 21 U.S.C. §§ 846 and 841(a)(1), and one count of conspiracy to launder monetary instruments
10 in violation of 18 U.S.C. § 1956(h). ECF No. 110. Defendant Meyers's plea agreement included
11 his agreement to forfeit the money orders, as well as the funds in the two brokerage accounts,
12 except for $111,834.00 held in the E*Trade account that predated the commission of defendant
13 Meyers's crimes. *Id*. at § E, *Forfeiture*. The plea agreement specified the $111,834.00 in the
14 E*Trade account would be returned to defendant Meyers as the sole owner of the account. *Id*.

15 On December 30, 2014, the court entered a preliminary order of forfeiture of the
16 money orders and "all funds" in the brokerage accounts except for the $111,834.00 held in the
17 E*Trade account. ECF No. 113. The United States provided potential claimants with notice of
18 this preliminary order in accordance with 21 U.S.C. § 853(n), 18 U.S.C. § 1963(1) and Local
19 Rule 171. *See* Decl. of Publication, ECF No. 120 at 1 (Noting "the forfeiture was posted on the
20 official government internet site www.forfeiture.gov for at least 30 consecutive days beginning
21 on January 8, 2015, and ending on February 6, 2015.").

22 On June 6, 2015, Lila Meyers filed a petition contesting the forfeiture of funds in
23 defendant Meyers's bank accounts, asserting she has a community property interest in the
24 forfeited bank accounts based on her marriage to defendant Meyers, and requesting an ancillary
25 hearing on the matter. ECF No. 173. In her petition, Lila Meyers acknowledged "[she] is not a

---

[1] A bill of particulars, as provided by Federal Rule of Criminal Procedure 7(f), is "a detailed listing of charges or claims brought in a legal action or of a defendant's response or counterclaim." *Bill of Particulars Definition*, Merriam-Webster.com (last visited June 12, 2017).

named title holder of the account[s] in question." *Id.* at 2-3. On January 20, 2016, Lila Meyers withdrew her petition, ECF No. 325, and six days later the court entered a final order of forfeiture as to the assets forfeited by defendant Meyers, not including $111,834.00, ECF No. 327. It was not until October 3, 2016, that Lila Meyers filed her pending motion to disburse funds. ECF No. 370.

As noted, Lila Meyers asks the court to disburse defendant Meyers's non-forfeited funds to her because he had an extramarital affair and "cannot be trusted to provide [Lila] Meyers her portion of the funds." ECF No. 370. The United States opposes the motion. Opp'n. Lila Meyers has not replied.

II. DISCUSSION

The United States argues the court should deny Lila Meyers's motion for lack of standing. It also says even if she had standing, the funds she demands are not within the purview of this criminal case. Opp'n at 3.

Courts impose criminal forfeiture as punishment following conviction for a substantive criminal offense. *United States v. Lazarenko*, 476 F.3d F.3d 648, 642 (9th Cir. 2007). Criminal forfeiture operates *in personam* against a defendant to divest him of proceeds derived from his unlawful activity, as a consequence of his criminal conviction. *Id*. If assets are criminally derived, the court will enter a preliminary order of forfeiture that begins the ancillary proceeding in which third parties may litigate any alleged interest in forfeited property. *See* Fed. R. Crim. P. Rule 32.2(b)(3) ("The entry of a preliminary order of forfeiture authorizes the Attorney General . . . to commence proceedings that comply with any statutes governing third-party rights."). Property or proceeds excluded from preliminary forfeiture are not subject to any ancillary proceeding. *Cf. United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (court's initial finding of forfeitability is prerequisite to property's inclusion in preliminary forfeiture order). Only "property involved in the offense or any property traceable as proceeds to it" can be forfeited; the forfeiture laws do not extend to innocent property a defendant owned. *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007).

As a threshold matter, Lila Meyers has not established standing to advance her motion. Lila Meyers's appearance in this action prior to entry of the final order of forfeiture was temporary and limited to filing a claim for the assets proposed for forfeiture from defendant Meyers in the preliminary forfeiture order. But her motion seeks the $111,834.00 held in the E*Trade account, which was expressly excluded from the forfeiture order. Lila Meyers lacks standing to bring her motion.

Even if Lila Meyers had standing, she has provided no other basis for the court's exercise of jurisdiction over the funds in which she claims to have an interest. The funds were excluded from every facet of this prosecution once a plea deal was reached, from the plea agreement to the preliminary forfeiture order to the ancillary proceeding. *See* ECF Nos. 110, 113, 197, 326. Because defendant Meyers did not forfeit the funds Lila Meyers seeks, the court has no power to order their transfer to her. Rather, after bank records established the funds predated defendants Meyers's criminal scheme, the United States excluded those funds from forfeiture and agreed to release them to Mr. Meyers as the account holder. ECF No. 110.

Lila Meyers claims 28 U.S.C. § 2465(b)(1)(C) entitles her to the "funds seized in the forfeiture action of the above-captioned case, as well as any interest gained since its seizure." Mot. at 2. That provision of law applies only to "civil proceedings … in which the claimant substantially prevails" against the United States. 28 U.S.C. § 2465(b)(1)(C). This is a criminal proceeding and Lila Meyers has not "substantially prevailed." Lila Meyers further claims "the government stipulated she was entitled to $111,834.00." Mot. at 1 (citing ECF No. 325). The filing she references, however, is her withdrawal of her ancillary petition, which she signed as did her attorney; although it appears the government drafted the document, it is not styled as an agreement and no representative of the government signed it. *See* ECF No. 325. While the withdrawal language could have been more clearly drafted to clarify that Lila Meyers was sacrificing any ability to pursue the $111,834.00 in this court, the lack of clarity does not alter any of the court's conclusions above.

Because Lila Meyers lacks standing to bring her motion, and this court lacks jurisdiction over the specific funds Lila Meyers seeks, the court DENIES her motion.

4

IT IS SO ORDERED.

This resolves ECF No. 370.

DATED: June 12, 2017.

                                                               UNITED STATES DISTRICT JUDGE